**LOUISIANA MORTG. CORPORATION, Inc.,**
**v. PICKENS et al.**
**No. 1610.**

Court of Appeal of Louisiana. First Circuit.

May 8, 1936.

Plauche & Bass, of Lake Charles, for appellant.

Griffin T. Hawkins, of Lake Charles, for appellees.

DORE, Judge.

This case comes up on appeal from a judgment by the lower court sustaining an exception of no cause of action filed by one defendant. Answers were filed by two defendants, but we only have before us for review the exception of no cause of action filed by defendant Wilmer J. Boudreaux. It is necessary to state the pleadings only in so far as they bear on this exception.

The petition alleges that Thomas G. Trottix was, on October 3, 1932, the president and general manager of plaintiff corporation; that on that date, the Virginia-Carolina Chemical Corporation, a creditor of plaintiff corporation, secured a judgment against plaintiff corporation in the sum of $1,422.25, with 8 per cent. per annum interest thereon from November 1, 1931, and 10 per cent. additional for attorney's fees, and costs of suit; that said Trotti, while president and a director of plaintiff corporation, made an agreement with the attorneys representing the said Virginia-Carolina Chemical Corporation, whereby Trotti was to disclose to said attorneys the whereabouts of certain assets of plaintiff corporation for which he was to receive 25 per cent. of all amounts recovered on said judgment; that the agreement was carried out and certain property of plaintiff was seized and sold under said judgment, including a promissory note belonging to plaintiff for $680.53 signed by Willie Pickens and secured by mortgage on certain property described in the petition. It is alleged that, after the execution sale and in compliance with the agreement to pay said Trotti the 25 per cent. of the amount realized on said judgment, the said Virginia-Carolina Chemical Corporation assigned and transferred to said Trotti the said note on which there was a balance due of some $498.52 and interest; that said Trotti was a director of plaintiff corporation at the time of said transfer of said note to him as aforesaid; that, subsequently, said Trotti pledged said note to defendant Wilmer J. Boudreaux as security for a note given by Trotti for a loan, and at the time of the pledge of the note to Boudreaux it was past due and unpaid, and said Boudreaux

had actual knowledge of the circumstances under which the note was acquired by Trotti; that the whole agreement was kept secret by Trotti from the other officers of plaintiff corporation.

The prayer is for a judgment against Willie Pickens for the balance due on the note; for judgment against Trotti and Boudreaux for the amount which they each received while in possession of the note, ordering Boudreaux to deliver possession of the note to plaintiff, and for judgment against all defendants decreeing plaintiff to be the owner of the note and all payments made thereon.

The record shows that both Boudreaux and Trotti filed exceptions of no cause and no right of action, but only the exception filed by Boudreaux was acted on and sustained. The appeal is by the plaintiff from that judgment.

The theory under which plaintiff seeks to recover the note and amounts paid thereon is that, as Trotti was an officer of plaintiff corporation at the time he entered into the agreement to disclose the assets of plaintiff corporation and assist in the collection of the judgment against it, any profit received by him as a consideration or result of the agreement inures to the benefit of the plaintiff corporation; that said Trotti could not thus take advantage of his position as an officer of plaintiff corporation to make a secret profit for himself by revealing the assets of plaintiff to this creditor and receiving this note as compensation therefor.

It is the contention of defendants Trotti and Boudreaux that no damage resulted to plaintiff by reason of the agreement, nor did Trotti violate any trust or duty which he owed plaintiff as an officer, as it was the right and duty of any officer of plaintiff corporation of which he was an officer, it tor seeking to collect an honest judgment. The trial judge adopted this contention in sustaining the exception.

The law on this point is succinctly stated in Corpus Juris, vol. 14A, p. 122, par. 1891, as follows: "A director or other officer may not either directly or indirectly derive any personal profit, benefit, or advantage by reason of his position that is not enjoyed in common by all the stockholders. He will not be permitted to retain any secret profits made by him in breach, or in disregard, of his fiduciary relation but will be required to account for such profits to the corporation."

If Trotti is permitted to retain the note which he received as payment for disclosing information to the creditor of the corporation to reveal its assets to a creditor will result in a profit accruing to him which is not enjoyed by the other officers and stockholders of plaintiff corporation. It is immaterial that the corporation suffered no injury by his acts, nor is it important that the officer could have been forced to give the information as to the assets. The important fact is that Trotti owed the duty to the corporation of which he was an officer to give it the benefit of any and all profits which he made in dealing with the affairs of the corporation. Under the plain principles of law stated above, and accepting as true the facts and circumstances under which Trotti acquired said note as set forth in the petition, it is manifest that Trotti could be required to account to the plaintiff corporation for the profit thus derived by him while one of its officers.

As Boudreaux, according to the petition, acquired the note after maturity and with full knowledge of the facts and circumstances under which his pledgor acquired it, he has not better right or title to the note than Trotti. Under these circumstances, Boudreaux is not a holder in due course of the note, but had knowledge of the defect in the title of his transferor. In such a case the note occupies no different position relative to the title of the parties than any other property which might have belonged to the corporation.

The judgment of the lower court sustaining the exception of no cause of action as to Boudreaux is therefore annulled, set aside, and reversed, and the exception overruled, and the case remanded to the lower court for further proceedings; the costs of this appeal to be paid by the defendant Boudreaux, all other costs to await the final results of the case.

Reversed and remanded.